UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff and Counter Defendant,<br><br>v.<br><br>JANA MILLER; INCLUSION, INC.; INCLUSION NORTH, INC; and INCLUSION ADMINISTRATIVE SERVICES, INC.,<br><br>    Defendants and Counterclaimants. | Case No. 1:25-cv-00099-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff The United States of America's Motion to Dismiss Defendants' Counterclaims. Dkt. 15. Defendants Jana Miller, Inclusion, Inc., Inclusion North, Inc., Inclusion Administrative Services, Inc., and Inclusion Administrative Services, Inc. (collectively Defendants) responded (Dkt. 22) and the United States replied (Dkt. 25).

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will address the motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons outlined below, the Court finds good cause to GRANT the Motion.

## II. BACKGROUND

On February 25, 2025, the United States filed the instant Complaint against Defendants alleging the various Defendants made false or fraudulent claims to the United States Small Business Administration and fraudulently obtained $3 million in Paycheck Protection Program loans and subsequent forgiveness of those loans. *See generally* Dkt. 1. Alleging twenty causes of action, the United States seeks damages as well as civil penalties under the False Claims Act, the Financial Institutions Reform, Recovery, and Enforcement act of 1989, restitution under a breach of contract claim, and damages and monetary relief under equitable theories of fraud, unjust enrichment, and payment by mistake. *See generally Id.* at 45–48.

The Defendants answered the United States's Complaint denying several allegations, claiming affirmative defenses, and counterclaiming against the United States for Breach of Contract. *See generally* Dkt. 7. The United States moved to dismiss the Defendants' counterclaim for lack of subject matter jurisdiction because the United States had not waived sovereign immunity to be sued in district court. Dkt. 15. The Defendants responded to that motion claiming that jurisdiction in the district court was proper under the theory of recoupment. *See generally Id*. The Defendants claimed that under the doctrine of recoupment, which allows for counterclaims against the United States to diminish their recovery, jurisdiction in the district court was allowed and proper. *Id.*

The United States replied countering Defendants were not trying to diminish the United States's recovery, but rather, they were seeking affirmative relief from the United States for breach of contract claims and that doing so did not overcome the barrier of

sovereign immunity. Dkt. 25.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss claims for lack of subject matter jurisdiction. The objection that a federal court lacks subject matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006). "Dismissal for lack of jurisdiction is not warranted to the extent that the complaint pleads facts from which federal jurisdiction clearly may be inferred." *Demarest v. United States*, 718 F.2d 964, 965 (9th Cir. 1983).

### IV. ANALYSIS

The Defendants, in their Answer, countersued the United State for three counts of breach of contract. Dkt. 7, at 5-12. The Defendants allege they properly applied for, and used, Paycheck Protection Program ("PPP") loans and that they met all conditions for loan forgiveness. *Id.* The Defendants further allege the United States refused to forgive the second round of their loans, making the United States liable for breach of contract. *Id.* As a result of this alleged breach, the Defendants have countersued and requested judgment in their favor in the amount of $1.633 million. *Id*. at 13.

Suits against the United States implicate sovereign immunity. *See* U.S. Const. amend. XI. "It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (cleaned up). The United States has provided for a limited waiver of sovereign

immunity under the Tucker Act and the Little Tucker Act. *See* 28 U.S.C. §§ 1491 and 1346(a)(2). Both Tucker Acts allow for certain contract-based claims to be brought against the United States "solely in the Court of Federal Claims for Tucker Act claims seeking more than $10,000 in damages, and concurrent district court jurisdiction over claims seeking $10,000 or less." *McGuire v. United States*, 550 F.3d 903, 910–11 (9th Cir. 2008).

Here, the Defendants have not alleged facts showing the United States waived its sovereign immunity to be sued in district court. Because Defendants seek $1.6 million against the United States for breach of contract the proper forum for such relief is the United States Court of Federal Claims. Defendants aver the United States waived its sovereign immunity through recoupment, but the Court does not find this argument persuasive. Dkt. 22, at 2.

"Although a counterclaim may be asserted against a sovereign by way of set off or recoupment to defeat or diminish the sovereign's recovery, no affirmative relief may be given against a sovereign in the absence of consent." *United States v. Agnew*, 423 F.2d 513, 514 (9th Cir. 1970). Thus, first—and as already outlined—the United States did not consent to the counterclaim. Second, Defendant's complaint affirmatively seeks judgment against United States in the amount of $1.633 million. Dkt. 7, at 13. Defendants claim they are not seeking judgment against the United States but are simply seeking to reduce or offset their liability. Dkt. 22, at 5. This, however, cannot be squared with the language in Defendants' Answer seeking "judgment" in varying amounts. Dkt. 7, at 13. Finally, there are no indications in Defendant's counterclaims that they are seeking to defeat or diminish

the United States's recovery or that recoupment is even plausible.[1]

In sum, the United States has not waived its sovereign immunity to be sued in district court for the Defendant's breach of contract claims and recoupment is not applicable.

## V. CONCLUSION

The United States is immune from suit. It has not waived its sovereign immunity or otherwise consented to Defendants' counterclaim. As a result, the Court does not have subject matter jurisdiction over the Defendant's counterclaims and each will be dismissed. If Defendants wish to pursue such claims, they may do so in the United States Court of Federal Claims.

## VI. ORDER

**IT IS HEREBY ORDERED:**

1. The Government's Motion to Dismiss (Dkt. 15) is GRANTED. Defendants' Counterclaims are dismissed.

DATED: November 12, 2025

_____
David C. Nye
Chief U.S. District Court Judge

---

[1] This is so because regardless of which party prevails in this action, there will be no basis for recoupment. If the United States prevails, it will have successfully proven that the Defendants committed fraud. As such, Defendants will not receive loan forgiveness. There will be nothing for Defendants to offset or recoup against because the loans will be void. If Defendants prevail, the United States's lawsuit will be dismissed, and no recoupment will occur.

MEMORANDUM DECISION AND ORDER - 5